UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------

|  |  |  |
|---|---|---|
| NOVASTAR MORTGAGE, INC., | : | |
|  | : | CASE NO. 1:07-cv-01143 |
| Plaintiff, | : | |
|  | : | |
| vs. | : | OPINION & ORDER |
|  | : | [Resolving Docs. No. 1, 28.] |
| MULDROW J. PEARSON, JR., *et al.*, | : | |
|  | : | |
| Defendants. | : | |
|  | : | |

-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

In order to determine if the Plaintiff has standing to bring this action, on December 5, 2007, the Court ordered the Plaintiff to file a memorandum and present evidence showing the relationship between the Plaintiff named in the Complaint, NovaStar Mortgage, Inc., 8140 Ward Parkway, Suite 200, Kansas City, Missouri 64114 [Doc. 1-1.], and the original lender named in the Note and Mortgage at issue, NovaStar Mortgage, Inc., 6200 Oak Tree Boulevard, Third Floor, Independence, Ohio 44131 [Docs. 1-2, 1-3.].  [Doc. 28.]

Because the Plaintiff never presented any argument or evidence in response to the Court's December 5, 2007 Order, the Court finds that the Plaintiff lacks standing in this case and accordingly **DISMISSES** this action without prejudice.

I. Background

On April 18, 2007, the Plaintiff, NovaStar Mortgage, Inc., located at 8140 Ward Parkway, Suite 200, Kansas City, Missouri 64114, filed a complaint against the Defendants for foreclosure

-1-

Case No. 1:07-cv-01143
Gwin, J.

on the property located at 20707 Westport Avenue, Euclid, OH 44123. [Doc. 1-1.] The Plaintiff alleged that the now deceased Defendant Muldrow J. Pearson, Jr. had defaulted on the note and mortgage that he executed on the property. [Doc. 1-1 at 2.] The Plaintiff claimed that this Court possessed subject matter jurisdiction over the case based on federal diversity jurisdiction. *Id.*

The case proceeded until the Court raised the question of the Plaintiff's standing. On December 5, 2007, the Court ordered the Plaintiff to provide additional argument and evidence as to whether it had standing to bring this action. [Doc. 28.] Specifically, the Court requested clarification and supporting evidence to explain the relationship between the Plaintiff and the original lender because the entities appeared to have the same name but different addresses. *Id.* The Court then approved the Plaintiff's request for a time extension until January 12, 2008 to respond to the Court's Order. [Doc. 32.] The Plaintiff never responded.

II. Discussion

Parties that file cases in federal court on the basis of diversity jurisdiction bear the burden of establishing that such subject matter jurisdiction exists. *Coyne v. Am. Tobacco Co.*, 183 F. 3d 488, 493 (6th Cir. 1999). As a jurisdictional prerequisite, the plaintiff must establish that he or she has standing to bring the lawsuit in federal court. *Id.* at 494; *Lewis v. Casey,* 518 U.S. 343, 349 n.1 (1996). Courts assess standing "under the facts existing when the complaint is filed." *Am. Civil Liberties Union of Ohio, Inc. v. Taft,* 385 F.3d 641, 645 (6th Cir. 2004) (citations omitted). The issue of standing must remain open to judicial review at every stage of the litigation. *Nat'l Org. for Women, Inc. v. Scheidler,* 510 U.S. 249, 255 (1994). In order to demonstrate standing, a plaintiff must prove that he has suffered an injury in fact, the injury must be "fairly traceable" to the

Case No. 1:07-cv-01143
Gwin, J.

defendant, and the requested relief must be capable of redressing the injury. *Coyne,* 183 F.3d at 494. Article III of the U.S. Constitution requires that the plaintiff demonstrate that he has personally suffered an actual injury due to the defendant's conduct. *Id.*

The Court's Sixth Amended General Order No. 2006-16, governing foreclosure cases based on diversity jurisdiction, requires the plaintiff to file an affidavit with the complaint that identifies the plaintiff as "the owner and holder of the note and mortgage, whether the original mortgagee or by later assignment." If the plaintiff is not the original mortgagee, the plaintiff must submit a "copy of the assignment of the note and mortgage from the original holder to the plaintiff, *executed and effective prior to the filing of the complaint*." *Id.* at ¶1.2.5 (emphasis added).

In this case, the Plaintiff claims that it was the holder and owner of the Note and Mortgage executed on the relevant property at the time of the filing of its complaint. [Docs. 1-1 at 3-4.] However, upon closer examination of the record, the Court finds a notice of assignment executed after the filing of the complaint that suggests otherwise. [Doc. 10-2.]

The Mortgage provided by the Plaintiff shows the original lender to be NovaStar Mortgage, Inc., located at 6200 Oak Tree Blvd., Third Floor, Independence, Ohio 44131. [Doc. 1-3 at 1.] The Mortgage Electronic Registration Systems, Inc. ("MERS"), located at P.O Box 2026, Flint, Michigan, 48501-2026, acted as the lender's nominee. *Id.*

On May 24, 2007, the Plaintiff filed a notice of an assignment of the Mortgage. [Doc. 10-2.] In that filing, the Plaintiff produced evidence showing that NovaStar Mortgage, Inc. ("Assignor"), acting through its nominee, MERS, located at P.O Box 2026, Flint, Michigan, 48501-2026, transferred its right, title, and interest in the relevant property to the Plaintiff ("Assignee") on April 20, 2007, after the filing of the complaint. *Id.* The Final Judicial Report, filed on September 10,

Case No. 1:07-cv-01143
Gwin, J.

2007, confirms this assignment that was recorded on April 27, 2007. [Doc. 20-2 at 2.]

Because of the confusion due to the same names of the assignor/original lender and the assignee/Plaintiff, on December 5, 2007, the Court ordered the Plaintiff to clarify the relationship between the two entities and to present evidence that the Plaintiff had standing in this case at the time of the filing of the complaint. [Doc. 28.] The Plaintiff failed to respond. The record, therefore, does not show that the Plaintiff was the owner and holder of the interest, title, and rights under the Mortgage and Note at the time of the filing of the foreclosure complaint on April 18, 2007. The Plaintiff, therefore, has not carried its burden of proving standing because it has not shown that it personally suffered an actual injury prior to the filing of the complaint. *Coyne*, 183 F. 3d at 494. The Plaintiff has thus not met the prerequisite for establishing that subject matter jurisdiction exists in this case.

The Court, therefore, **DISMISSES** this case without prejudice. Accordingly, all orders of the Court and any entries by the Clerk in this matter are vacated.

IT IS SO ORDERED.

Dated: February 6, 2008           s/ *James S. Gwin*
                                                       JAMES S. GWIN
                                                       UNITED STATES DISTRICT JUDGE